## UNITED STATES v. SIEGLE (No. 3).[1]

LAKES CONTAINING LEAD.

Lakes containing lead were dutiable under paragraph 54, tariff act of 1897, and not under paragraph 58 of said act.

## United States Court of Customs Appeals, October 18, 1910.

APPEAL from United States Circuit Court, Southern District of New York, to the United States Circuit Court of Appeals and transferred to this court, Abstract 18995 (T. D. 29031).

[Affirmed.]

*D. Frank Lloyd,* Assistant Attorney General (*Chas. D. Lawrence* on the brief), for the United States.

*Comstock & Washburn* (*Albert H. Washburn* of counsel) for the appellees.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court.

This is an appeal from the decision and judgment of the United States Circuit Court for the Southern District of New York affirming the decision of the Board of General Appraisers.

The merchandise in question consists of bronze lakes and scarlet lakes which the collector of customs assessed for duty at 30 per cent ad valorem under paragraph 58 of the act of 1897. The board of appraisers held that the goods were properly dutiable at 5 cents per pound under the provisions of paragraph 54 of said act, and the circuit court affirmed the decision of the board. From this ruling the Government appeals.

The facts in the case are not disputed. It is admitted that the merchandise consists of lakes, in the manufacture of which some form of lead is used. A lake is defined as "a pigment formed by combining some coloring matters, usually a precipitation, with a metallic oxide or earth." The term "colors," as understood in the trade, is, according to the testimony, broad enough to embrace lakes, but the term "lakes" would not embrace all colors.

Paragraph 54 reads as follows:

Vermilion red, and other colors containing quicksilver, dry or ground in oil or water, ten cents per pound; when not containing quicksilver but made of lead or containing lead, five cents per pound.

There can be no doubt that this language aptly describes the importation. The article imported consists of colors containing lead, and clearly comes within paragraph 54 unless the subsequent provision takes "lakes" out of the class. This is contended.

---

[1] Reported in T. D. 31005 (19 Treas. Dec., 1054).

Paragraph 58 reads as follows: ,

All paints, colors, pigments, lakes, crayons, smalts and frostings, whether crude or dry or mixed, or ground with water or oil or with solutions other than oil, not otherwise specially provided for in this act, thirty per centum ad valorem; all paints, colors and pigments commonly known as artists' paints or colors, whether in tubes, pans, cakes or other forms, thirty per centum ad valorem.

It is contended that the term "lakes" is more specific than the term "color containing lead." All colors are paints, pigments, lakes, crayons, smalts, or frostings, and if lakes be deemed a specific designation, which excludes the operation of paragraph 54 when the importation consists of lakes, it would seem clear that when the article is more properly designated as "paints, pigments, crayons, smalts, or frostings" it would be excluded also, and no room for the operation of paragraph 54 would be left. The more reasonable construction is that paragraph 58 was designed as a catch-all provision, intended to apply to articles not enumerated, if any such there should be. In this view the two paragraphs can stand together. It must be held that "colors containing lead" is quite as specific as "lakes," and that in view of the fact that paragraph 58 is qualified by the phrase "not otherwise expressly provided for," it can not be given effect to defeat the plainly expressed intention of paragraph 54 to fix the duty on colors containing lead at 5 cents per pound.

The case of Keppelmann *v.* United States (116 Fed. Rep., 777), cited by appellee, although instructive, may be distinguished, and is not relied upon as fully sustaining our conclusions. In the case of the United States *v.* Bird (167 Fed. Rep., 319; T. D. 27633) the Government contended that "zinc white paint" or "enamel white paint" was dutiable under paragraph 58. The court, however, held the importation dutiable under paragraph 57, which reads:

Zinc, oxide of, and white paint or pigment containing zinc, but not containing lead, dry, one cent per pound; ground in oil, one and three-fourths cents per pound; sulfid of zinc white, or white sulphide of zinc, one and one-fourth cents per pound; chloride of zinc and sulphate of zinc, one cent per pound.

This was held, notwithstanding the fact that other ingredients were added to increase the gloss, as in the view of the court the materials thus added did not change the character of the article imported. If we consider the terms of paragraph 54 "colors made of lead or containing lead" as specific, the case cited is analagous. We do so construe paragraph 54.

It follows that the decision of the Board of General Appraisers and that of the Circuit Court for the Southern District of New York should be *affirmed.*