### UNITED STATES *v.* MEADOWS & CO. (No. 1444).[1]

ICED SWEETENED BISCUITS—CONTAINERS—CONFECTIONERY.

These biscuits, surfaced with icing, "contain" the icing and this icing constitutes confectionery. It is not necessary that it should be made up into forms before it can be so classed. They are dutiable under paragraph 194, tariff act of 1913.

#### United States Court of Customs Appeals, February 23, 1915.

APPEAL from Board of United States General Appraisers, G. A. 7584 (T. D. 34627.)

[Reversed.]

*Bert Hanson*, Assistant Attorney General (*Charles E. McNabb*, assistant attorney, of counsel), for the United States
*Walden & Webster* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The protest in this case related to an importation of biscuits, so called, which are claimed to be free of duty under paragraph 417 of the tariff act of 1913, which reads:

Biscuits, bread, and wafers, not specially provided for in this section.

They were assessed for duty under paragraph 194, which reads:

Biscuits, bread, wafers, cakes, and other baked articles, and puddings, by whatever name known, containing chocolate, nuts, fruit, or confectionery of any kind, and without regard to the component material of chief value, twenty-five per centum ad valorem.

The board overruled the protest as to all items embraced therein with the exception of those represented by four exhibits, numbered, respectively, 5, 6, 7, and 8.

---

[1] Reported in T. D. 35177 (28 Treas. Dec., 309).

Exhibit 5, described on the invoice as "Pantomime," is a mixture of fancy shaped biscuits of various sizes and shapes put up in a glass-surfaced box. Most of them represent figures like initials or animals or heads of animals, and intermingled with these are some surfaced with icing, some of which icing is also pressed into figures in the form of rosettes. As was said by the board, "they are hard and brittle, and, perhaps, might be more accurately described as cookies or small cakes." The icing on those which are iced is of considerable thickness and constitutes a substantial part of the cake.

Exhibit 6 consists of small sweet biscuits of various sizes, with a percentage of frosting or glazing, which might be described also as an icing.

Exhibit 7 represents what is described as "Café noir," a hard oblong biscuit about 1 by 1½ inches in dimensions and three-eighths of an inch thick, having upon one surface the same icing above described.

Exhibit 8, known as "Algeria," is the same as Exhibit 7, except that it is of different shape. These goods are uniform in size and shape and of about the same consistency as "Café noir," "Household," and "Pantomime," and also have an icing over one of the surfaces.

The board, in its opinion, states of this icing:

It is not mixed through the article, and, in our judgment, if separated from the cake and made into various shapes, might properly be termed "confectionery." About 20 per cent of the pieces having been treated in this way, the quantity, in our judgment, would not be negligible; and if, within the meaning of the terms of the statute, this icing is "contained" in the biscuit, this class would be dutiable as assessed. The question whether this surfacing or icing may be considered contained in the commodity is not without difficulty.

The board, after further discussion, held that the icing was not within the meaning of the duty paragraph *contained* within the biscuit, and upon this ground sustained the protest as to the four items above referred to. From this holding the Government appeals.

We think too narrow a view was taken of the word "containing." Paragraph 194 covers the article as imported, and whatever was a part of the article as imported is in the tariff sense contained therein. It is a part of the article. The word "contain" means to include or embrace. The Century Dictionary defines the word—

1. To hold within fixed limits; comprehend; comprise; include; hold.

The definition in Webster's International Dictionary is similar:

1. To hold within fixed limits; to inclose; to hold; hence, to comprise, comprehend, or include.

The definition in Worcester's Dictionary is—

1. To comprehend; to comprise; to include; to embrace.

We think it clear that under these definitions and the ordinary acceptation of the term in the tariff law the words "containing * * *

confectionery of any kind" are broad enough to include any article of which confectionery of any kind constitutes a part.

The chief contention of the importer in this court is that the icing, whether figured or plain, which appears upon these various importations, is not confectionery of any kind.

We think, within the purposes of this legislation, the icing in question constitutes confectionery. It is to be noted that the use of the term in the tariff act is in its broadest sense and so declared by the terms of the statute itself. It includes "confectionery of any kind." The New English Dictionary defines the term "confectioner" as—

2. One who makes confections, sweetmeats, candies, cakes, light pastry, etc.; * * *.

And "confectionery" as—

1. Things made or sold by a confectioner; a collective name for sweetmeats and confections.

The evidence would indicate that the articles involved in this case are such as are usually made and sold by confectioners. This testimony was not offered, it is true, for the purpose of proving the trade term, but to establish the fact that such articles are handled and sold by confectioners. We do not think that within this definition it is necessary that this icing be made up into forms before it can be classed as confectionery.

The decision of the Board of General Appraisers is *reversed.*