COMSTOCK & THEAKSTON v. UNITED STATES (No. 2403).[1]

1. CONSTRUCTION, CLASSIFICATION BY USE.

The doctrine of classification by use is only a rule for ascertaining the intention of Congress, and has no application where such intention is otherwise manifest.

---

[1] T. D. 40698.

2. CONSTRUCTION—RELATIVE SPECIFICITY—"NOT SPECIALLY PROVIDED FOR."

The well-settled rule that the "not specially provided for" clause may relegate the merchandise to another paragraph applies only when it is equally within both paragraphs.—Drakenfeld & Co. *v.* United States (9 Ct. Cust. Appls. 124; T. D. 37979).

3. CONSTRUCTION, PARAGRAPH 68, TARIFF ACT OF 1922—"PIGMENTS * * * NOT SPECIALLY PROVIDED FOR."

Paragraph 68, tariff act of 1922 is a catchall paragraph. By its provision for "Pigments * * * not specially provided for" it excludes such as are covered elsewhere. See United States *v.* Siégle (1 Ct. Cust. Appls. 32; T. D. 31005).

4. CONSTRUCTION—RELATIVE SPECIFICITY—CERAMIC COLOR—PIGMENT.

The provision for ceramic color, in paragraph 63, tariff act of 1913, describes a particular kind of color or paint used in a particular kind of work (pottery art), and is much more specific than the general provision of paragraph 68, tariff act of 1922, for pigments not specially provided for. This differentiates Drakenfeld & Co. *v.* United States (9 Ct. Cust. Appls. 124; T. D. 37979) from the case at bar.

5. "KRONOS TITANIUM."

"Kronos titanium," which is the trade name for a physical combination of titanium oxide with barium sulphate, used as a pigment in compounding paints, is classifiable under paragraph 91, tariff act of 1922, within the provision for "all compounds and mixtures containing titanium," rather than under paragraph 68, within the provision for "Pigments * * * not specially provided for."

## United States Court of Customs Appeals, February 17, 1925

APPEAL from Board of United States General Appraisers, G. A. 8764 (T. D. 40084)

[Affirmed.]

*Gerry & Wakefield* for appellants.

*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence* and *William H. Futrell,* special attorneys, of counsel), for the United States.

[Oral argument Jan. 13, 1925, by Mr. Wakefield and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The importation bears the trade name of "Kronos titanium." It is titanium oxide in physical combination with barium sulphate, and is used as a pigment in compounding paints. It was classified by the collector under paragraph 91 of the tariff act of 1922. The Board of General Appraisers, in a very clear and well written opinion by Judge McClelland, affirmed the decision of the collector.

Paragraph 91 is as follows:

Titanium potassium oxalate, *and all compounds and mixtures containing titanium,* 30 per centum ad valorem. (Italics ours.)

The importers contend that it is dutiable under paragraph 68, which provides for:

Pigments, colors, stains, and paints, including enamel paints, whether dry, mixed, or ground in or mixed with water, oil, or solutions other than oil, not specially provided for, 25 per centum ad valorem.   (Italics ours.)

It is admitted that the importation is a "compound containing titanium." It is also admitted that it is a "pigment."

It is urged by the importers that it should be classified under the latter paragraph for the reason that "pigments" in paragraph 68 is a description by use, and that under the ruling of this and other courts, where an importation can fall within either of two competing paragraphs the description designating use will control.

There are three important and pertinent decisions by this court which must be considered in determining the proper classification of the merchandise in this case—United States v. Siegle (1 Ct. Cust. Appls. 32; T. D. 31005); Drakenfeld & Co. v. United States (2 Ct. Cust. Appls. 512; T. D. 32248); Drakenfeld & Co. v. United States (9 Ct. Cust. Appls. 124; T. D. 37979).

It is urged by the Government that the first case controls the decision in the case at bar, and that the last two cases support its contention, or at least are not against its contention.   The importers insist that the last two cases support their contention and state that the first case has no application.

In the Siegle case, supra, there was competition between paragraph 54 and paragraph 58 of the act of 1897.   Paragraph 54 was for "colors containing lead" and paragraph 58 was for "lakes not otherwise specially provided for."   The importation was a color containing lead, and it was also admitted to be a lake.   The court held paragraph 58 to be a catchall paragraph, and that Congress plainly had indicated an intention to place under paragraph 54 all colors containing lead, and that the importation, being otherwise provided for, would not fall within paragraph 58.   We think the facts and the holding of the court in the Siegle case are on all fours with the case at bar.   In the case before us, all compounds and mixtures containing titanium have received special attention by Congress and a duty of 30 per cent ad valorem has been placed upon "all compounds containing titanium."   This is the first time that compounds or mixtures containing titanium have been singled out for special consideration.

It seems logical to us, and it is also certainly in entire accord with the Siegle case, supra, to say that paragraph 68, which provides for "pigments * * * not specially provided for," is a catchall paragraph and was intended to catch all pigments not otherwise specially provided for, and that the paragraph should not include such pigments as had been elsewhere covered.

We are not unmindful of the full meaning and import given by the courts to the doctrine of favoring classification by use. Of course the doctrine of use is applied in an attempt to determine the intention of Congress. In the case at hand, the intention of Congress is so manifest from the construction of the two paragraphs as to overcome any advantage that the paragraph might have under the doctrine of use.

Let us examine the two Drakenfeld, supra, cases. In the latter case (9 Ct. Cust. Appls. 124; T. D. 37979), the court stated that it was concluded by the opinion in the former case. In the former case (2 Ct. Cust. Appls. 512; T. D. 32248), the importers contended that the importation was dutiable at 25 per cent ad valorem as a chemical compound or salt not specially provided for. The collector classified it under paragraph 58 at 30 per cent as a pigment.

The court held that the importation might aptly be described under each paragraph; that pigment designated use and that "chemical compound or salt not specially provided for" did not denote use. It should be noted here that the words, "not specially provided for" are in the paragraph which provides for chemical compounds or salts and not in the pigment paragraph, which is different from the facts at hand. In the Siegle case, if the "lakes" paragraph had not stated, "not specially provided for" no doubt the conclusion would have been different.

In the second Drakenfeld case, supra (9 Ct. Cust. Appls. 124; T. D. 37979), paragraphs 63 and 65 of the act of 1913 were in competition and were as follows:

63. * * * Ceramic * * * colors, whether crude, dry, mixed, or ground with water or oil or with solutions other than oil, not specially provided for in this section, * * *.

65. Salts and other compounds and mixtures of which * * * gold, * * * constitute the element of chief value, * * *.

The collector assessed the goods as ceramic color under paragraph 63. The importers contended that it was a mixture in chief value of gold and should have been assessed under paragraph 65. The court affirmed the classification of the collector, stating that the same provision had been used in a prior tariff act and that Congress, by the repetition of the act of 1913, had indicated a purpose to include these particular kinds of colors (used in pottery arts) under paragraph 63. The court held, in this case, that while it is a general rule that the words, "not specially provided for" have the effect of relegating commodities to other applicable paragraphs, that this well settled rule is applicable only when the goods are *equally* included within each of the competing paragraphs. This is equivalent to holding that ceramic color was not so *specifically* provided for elsewhere as to overcome the doctrine of use.

We have not overlooked the close analogy between the facts of this case and the case at bar.   There is, however, a wide difference between them.   This difference consists in the relative specificity in the two terms "ceramic color" and "pigments."   Ceramic color is a particular kind of color or paint used in a particular kind of work (pottery art), and when used in a tariff paragraph must be looked upon as not being a general term but a specific one, and when compared with a "compound of which gold constitutes the element of chief value," is far more specific.

In the case at hand, "pigment" is not as specific as "ceramic," nor is it like ceramic color dedicated to a special use.   Therefore, when Congress used the words, "pigment not specially provided for," it did not use a term sufficiently specific so as to overcome the force of the other circumstances surrounding the two paragraphs which require a classification of the merchandise at hand under paragraph 91.

. Congress included many different commodities known as "pigments" and "colors" in the act of 1922 in paragraphs 28, 47, 67, 70, 72, 73, 74, 75, 76, 77, 78, 79, and 91.   It seems to us unusually clear that the framers of this act intended paragraph 68 to be the catchall paragraph for pigments, colors, stains, and paints, and that since it used titanium mixtures for the.first time in paragraph 91, its intention is too obvious to be overcome by the considerations urged by the importers.   And this view seems especially clear when we consider that the word "pigment" does not connote use except in a very general way.   If "pigment" had been modified by some descriptive word indicating a particular use, the position of the importer would be more tenable.

Paragraphs 5 and 49, under which importers claim, both directly and by similitude, in their protest, are so irrelevant as not to require attention.

The judgment of the Board of General Appraisers is *affirmed*.