UNITED STATES *v.* HERMAN H. STICHT & Co. (No. 3745)[1]

[1] T. D. 47048.

United States Court of Customs and Patent Appeals, April 23, 1934

*Charles D. Lawrence*, Assistant Attorney General (*Hugo P. Geisler* and *Ralph Folks*, special attorneys, of counsel), for the United States.
*Brown & Carter* (*Allan Brown* and *Fred J. Carter* of counsel) for appellee.

[Oral argument April 5, 1934, by Mr. Folks and Mr. Brown]

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges [2]

LENROOT, Judge, delivered the opinion of the court:

This appeal involves the classification of certain articles imported at the port of New York, which were assessed with duty by the collector under the provisions of paragraph 368 of the Tariff Act of 1930 at $4.50 each and 65 per centum ad valorem. The importer protested said classification and assessment with duty, making various claims, only one of which is urged here, viz, that the articles are dutiable under the provisions of paragraph 353 of said act at 35 per centum ad valorem. This claim was sustained by the Customs Court, and from its judgment this appeal was taken by the Government.

The competing paragraphs of said tariff act, so far as pertinent, read as follows:

PAR. 368. (a) * * * any mechanism, device, or instrument intended or suitable for measuring time, distance, speed, or fares, or the flowage of water, gas, or electricity, or similar uses, or for regulating, indicating, or controlling the speed of arbors, drums, disks, or similar uses, or for recording or indicating time, or for recording, indicating, or performing any operation or function, at a predetermined time or times, all the above (except the articles enumerated or described in paragraph 367), whether or not in cases, containers, or housings:

(1) If * * * valued at more than $10 each, $4.50 each;

(2) any of the foregoing shall be subject to an additional duty of 65 per centum ad valorem * * *.

PAR. 353. All articles suitable for producing, rectifying, modifying, controlling, or distributing electrical energy;

electrical telegraph (including printing and typewriting), telephone, signaling, radio, welding, ignition, wiring, therapeutic, and X-ray apparatus, instruments (other than laboratory), and devices; and

---

[2] Hatfield, J., did not participate in this case.

articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs;

all the foregoing, and parts thereof, finished or unfinished, wholly or in chief value of metal, and not specially provided for, 35 per centum ad valorem.

The articles here involved are described in the opinion of the trial court as follows:

The uncontradicted testimony discloses that the articles in suit are indicators which are attached to the transmitter of a radio-telegraph apparatus to indicate to the operator the average number of words transmitted per minute at a given time. They do not control but merely indicate the rate of speed of the transmitter, and that is their only use. From the information thus obtained, the transmitting operator with the aid of a hand-regulated motor, may adapt his rate of transmission to the capacity of the radio operator to whom he is broadcasting to intelligibly receive the message. These indicators are essential to the proper and correct functioning of a high-speed radio transmitter.

In addition to the above, it may be said that the device in question is rotated by the same motor which operates the transmitter, being geared to said motor; it appears from the record that the speed of rotation of the pendulum of the device here in question is directly proportional to the speed of the motor. It is, therefore, clear to us that this device, in its imported form, gives a relative indication of the speed of the motor when said motor is operating within the limits that will register on the dial of said device. In other words, when the motor is operating between said speed limits, it appears to us that the device in question gives a relative indication of the speed of the shaft of the motor.

The contention of the Government that the merchandise was properly classified by the collector under paragraph 368 is thus stated in its brief:

(3) The imported merchandise *in use* is *similar to*—"any mechanism, device, or instrument" *eo nomine* provided for in paragraph 368 "intended or suitable for measuring time, distance, or *speed*, or fares or the flowage of water, gas, or electricity, or *similar uses*, or for *regulating, indicating*, or controlling the *speed* of arbors, drums, disks, or *similar uses*."

Appellee's brief contains the following:

Appellee claims, however, that even if the imported article can be considered a speed indicator or otherwise construed to be within the language of paragraph 368, it is more specifically provided for under paragraph 353 as a part of an electrical telegraph and radio instrument or device. It is true that there is nothing electrical about the operation of this particular article, but it is an essential part of an electric radio or telegraph instrument or device and such instruments are specifically enumerated in paragraph 353.

In connection with the above quotation from appellee's brief, it should also be noted that appellee does not concede that the articles involved are within the language of said paragraph 368.

The trial court adopted appellee's view that, even if it be conceded that the articles fall within the descriptive language of paragraph 368, inasmuch as they are used only in connection with high speed radio transmitting mechanisms, and are essential to the proper and correct functioning of such mechanisms, they were properly dutiable under said paragraph 353 as parts of electric radio telegraph apparatus.

We are of the opinion that the trial court came to the correct conclusion. The evidence is uncontradicted that the devices here involved are attached to wireless telegraph transmitters which send Morse or International Code signals at a high rate of speed; that said devices are essential to the proper functioning of such transmitters; that the number of average words per minute which may be transmitted varies according to atmospheric and other conditions, and that the device here in question indicates the potential capacity of the transmitter, in terms of words per minute, at the speed at which the transmitter is being operated at any given instant, thus enabling the operator to properly adjust the speed of the motor, using other means for so doing, however.

The testimony clearly shows that the devices here involved are used only upon high speed wireless telegraph apparatus, are essential to its proper functioning, and are useful for no other purpose. They are therefore clearly parts of such apparatus under the rule laid down by this court as to the meaning of the word "parts" when used in tariff statutes in referring to parts of articles. *Durbrow & Hearne Manufacturing Co.* v. *United States*, 9 Ct. Cust. Appls. 177, T.D. 38001; *Peter J. Schweitzer, Inc.*, v. *United States*, 16 Ct. Cust. Appls. 285, T.D. 42872; *United States* v. *American Steel & Copper Plate Co.*, 14 Ct. Cust. Appls. 139, T.D. 41673; *United States* v. *Willoughby Camera Stores, Inc.*, 21 C.C.P.A. (Customs) 322, T.D. 46851.

The trial court, however, also held that the devices here in question "indicate the rate of speed of the transmitter." We assume that what was meant was that the device indicates the rate, in terms of average words per minute, at which the apparatus may transmit. This, in turn, depends upon the speed of the motor, and, as the device is attached to a shaft revolved by the motor, it might be argued that said device indicates the speed of an arbor, and is thus within the general descriptive terms of paragraph 368.

The Government insists that the devices fall within the descriptive terms of said paragraph 368, and that they are there more specifically described than in paragraph 353, and that they are therefore dutiable under the former paragraph. Assuming, without deciding, that the devices in question fall within the descriptive terms of said paragraph 368, nevertheless the wireless telegraph transmitters to which they are attached are *eo nomine* provided for in paragraph 353, either as "electrical telegraph" or as "radio" apparatus. We think the transmitting apparatus is properly defined by either term. The

device in question is a part of an electrical telegraph apparatus, or a part of a radio apparatus, and we think that a "part" of such apparatus provided for in paragraph 353 is a more specific designation than the general descriptive language of a "mechanism, device, or instrument intended or suitable for * * * indicating * * * the speed of arbors, * * * or similar uses", found in paragraph 368.

It is true, as pointed out by the Government, that paragraph 353 contains the clause "not specially provided for", while paragraph 368 does not. However, it is well settled by this court that if an article is more specifically described in a paragraph containing the "not specially provided for" clause than in a paragraph not containing such clause, the presence of the clause in the one paragraph will not have the effect of excluding the article from the paragraph where it is more specifically provided for. *Knauth, Nachod & Kuhne* v. *United States*, 4 Ct. Cust. Appls. 58, T.D. 33307; *Loewenthal & Co.* v. *United States*, 6 Ct. Cust. Appls. 209, T.D. 35464; *Comstock & Theakston* v. *United States*, 12 Ct. Cust. Appls. 502, T.D. 40698.

The Government also calls attention to the fact that said paragraph 368 provides that all the articles described therein shall be dutiable thereunder "except the articles enumerated or described in paragraph 367", and claims that this indicates that it was the intention of Congress to draw into paragraph 368 *all* articles coming within its descriptive language except those described in paragraph 367.

We agree that if such was the intention of Congress it controls our decision here. The master rule of construction, in the consideration of all statutes is so to interpret them as to carry out the legislative intent, and any rule of construction must yield if the legislative intent is shown to be counter to the apparent intent indicated by such rule. *United States* v. *Clay Adams Co., Inc.*, 20 C.C.P.A. (Customs) 285, T.D. 46078.

Electric telegraph and radio apparatus being *eo nomine* provided for in paragraph 353, no one would contend that they should be included in any other paragraph under general descriptive words. Had paragraph 353 also read literally "parts of electric telegraph and radio apparatus", it would also seem clear that they should not be included in any other paragraph by words of general description. The last part of the paragraph reads "all the foregoing, and parts thereof", which as clearly includes parts of electric telegraph and radio apparatus as if said words had been repeated in that portion of the paragraph relating to parts.

We think it is clear that when Congress provided *eo nomine* for telegraph and radio apparatus, and for parts thereof, in said paragraph 353, it intended that all such should be dutiable thereunder, unless more specifically described elsewhere in the tariff act. Being of the opinion that the articles here in question are more specifically de-

scribed as parts of electric telegraph or radio apparatus than as devices for indicating the speed of arbors, or having similar uses, we hold that they are properly classifiable under said paragraph 353, and the judgment of the United States Customs Court is *affirmed.*