BEFORE THE FIRST DIVISION, SEPTEMBER 6, 1946

**No. 51285.**—Protest 121817–K of Jarrell-Ash Co. (Boston).

COLE, Judge: Plaintiff imported 10 tubes, each containing 2 grams of "R. U. Powder, F. 558," which the collector classified under paragraph 89, Tariff Act of 1930 (19 U. S. C. 1940 ed § 1001, par. 89), providing for "Titanium potassium oxalate, and all compounds and mixtures containing titanium, 30 per centum ad valorem." It is claimed that the merchandise is classifiable under paragraph 5 of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1001, par. 5) reading:

All chemical elements, all chemical salts and compounds, all medicinal preparations, and all combinations and mixtures of any of the foregoing, all the foregoing obtained naturally or artificially and not specially provided for, 25 per centum ad valorem.

It is conceded that the merchandise in question is a mixture of chemical salts. The sole question is whether the titanium content, in the amount of .001 percent, is insignificant, thereby removing the merchandise from said paragraph 89 and relegating it to the catch-all provisions of paragraph 5, *supra.*

An officer of the plaintiff corporation appeared at the trial and testified concerning the use and composition of the instant merchandise. It is used in analyzing material under a highly technical process, called "spectrochemical analysis," whereby a sample is subjected to a carbon arc (similar to a welder's arc) that consumes the material. The light from the arc is passed through a spectrograph that spreads the light into a spectrum. The position of the lines in the spectrum symbolizes the components of the material being tested.

The imported mixture is composed of 50 metallic elements, the major ones being zinc, magnesium, and calcium. All of the remaining 47 minor ingredients, including titanium, are necessary to the proper function of the "R. U. Powder" as a standard of comparison in the analysis of an unknown sample.

Plaintiff's claim is based on the premise that the titanium in the present merchandise is in far lower concentration than the major elements, that it has very little intrinsic value, and that therefore the imported mixture is not a kind contemplated by paragraph 89, supra, which, it is further argued, is limited to merchandise in chief value of titanium. The point is presented by plaintiff as follows:

In testimony in court Richard F. Jarrell, an officer of the Jarrell-Ash Company, pointed out that in the case of other elements cited in the United States Customs Tariff Dutiable List of the Tariff Act of 1930, such as Tin, Par. 88—"Tin bichloride, tin tetrachloride, and all other chemical compounds, mixtures, and salts, of which tin constitutes the element of chief value, 25 per centum ad valorem;" also Par. 91—"Vanadic acid, vanadic anhydride, and salts of the foregoing, 40 per centum ad valorem; chemical compounds, mixtures, and salts, wholly or in chief value of vanadium, not specially provided for, 40 per centum ad valorem;" indeed in all other cases where elements are specifically provided for, the wording indicates that the material in question must consist in "chief value" of the element specially provided for. In the case of titanium, Par. 89, the wording does not include "chief value of". Nevertheless it would appear that the omission of this phrase is fortuitous and that the intent of Congress in writing Par. 89 was to include only those materials which were wholly or in chief value of titanium.

The foregoing quotation really embodies an answer to plaintiff's contention in this way: If Congress intended to limit paragraph 89, supra, making "chief value" determinative, it would have said so as it did, not only in the two paragraphs cited by plaintiff but also in numerous other provisions throughout the tariff act.

The language of paragraph 89, supra, is clear and unambiguous, manifesting an intent to include therein all mixtures containing titanium. United States v. Meadows & Co., 5 Ct. Cust. Appls. 532, T. D. 35177, gave expression to statutory use of the word "containing" by stating that "whatever was a part of the article as imported is in the tariff sense contained therein. It is a part of the article. The word 'contain' means to include or embrace."

The Meadows & Co. case, supra, was followed in Varsity Watch Co. v. United States, 17 Cust. Ct. 24, C. D. 1015 (decided June 27, 1946), which involved an issue somewhat analogous with that before us. There, the merchandise consisted of watchcases of base metal, the bezels of which were electroplated with a solution containing a "relatively very slight both in value and in quantity" amount of gold. In a very exhaustive opinion, discussing the tariff terms "made of," "in part of," and "containing," the court held the watchcases to be classifiable as being "in part of gold," as claimed by the Government, rather than as "containing no gold," as claimed by the importer.

Admittedly, titanium is an essential element of the "R. U. Powder" under consideration and a necessary component in such powder for its exclusive use as a medium for analyses of materials. Under the Meadows & Co. case, supra, the instant merchandise is a mixture "containing titanium," specifically provided for in paragraph 89, supra, as classified by the collector.

Comstock & Theakston v. United States, 12 Ct. Cust. Appls. 502, T. D. 40698, cited by defendant, is not in point. The issue there differed materially from

that presented herein, the court stating, in its reference to the claim under paragraph 5, similar to that alleged by plaintiff, that the provisions thereof "are so irrelevant as not to require attention."

The protest is overruled and the decision of the collector is affirmed. Judgment will be rendered accordingly.