No. 58255.—Transatlantic Pigment Corp. and Lansen-Naeve Corp. v. United States, protest 176576–K (New York).

MOLLISON, Judge: The merchandise the subject of this protest consists of pigments. Samples of the pigments, which were stipulated to be identical in all material respects to the pigments described on the invoice, were received in evidence as follows:

Plaintiffs' exhibit 1—merchandise described as raw sienna
" " 2— " " " Venetian red
" " 3— " " " burnt sienna
" " 4— " " " raw umber
" " 5— " " " burnt umber
" " 6— " " " French ochre

The pigments were assessed with duty at the rate of 25 percent ad valorem under the provision in paragraph 66 of the Tariff Act of 1930 for "Pigments * * * ground in * * * oil, * * * not specially provided for."

Plaintiffs concede that the pigments at bar were ground in oil, but contend that the merchandise is more specifically provided for under the *eo nomine* provisions for ochers, umbers, and siennas and synthetic iron-oxide or iron-hydroxide pigments in paragraph 73 of the said act, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, or the President's proclamation carrying out the Annecy Protocol of the Terms of Accession of the said general agreement, reported in T. D. 52476. For convenient reference, the pertinent portions of the competing provisions are set forth in the margin.[1]

Plaintiffs rely upon the rule of construction of tariff statutes expressed in the opinion of the majority of our appellate court in the decision in the case of *Nootka Packing Co. et al.* v. *United States,* 22 C. C. P. A. (Customs) 464, T. D. 47464, as follows:

* * * an *eo nomine* statutory designation of an article, without limitations or a shown contrary legislative intent, judicial decision, or administrative practice to the contrary, and without proof of commercial designation, will include all forms of said article.

[1] Paragraph 66, Tariff Act of 1930:

Pigments * * * whether dry, mixed, or ground in or mixed with water, oil, or solutions other than oil, not specially provided for, 25 per centum ad valorem.

Paragraph 73, Tariff Act of 1930, as modified by T. D. 51802:

| Tariff Act of 1930 paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 73 | Ochers, washed or ground | ⅛¢ per lb. |
| 73 | Umbers: | |
| | Crude or not ground | ⁄₁₆¢ per lb. |
| | Washed or ground | ³⁄₁₆¢ per lb. |
| 73 | Synthetic iron-oxide and iron-hydroxide pigments not specially provided for | 15% ad val. |

Paragraph 73, Tariff Act of 1930, as modified by T. D. 52476:

| | | |
|---|---|---|
| Siennas: | | |
| Crude or not ground | | ⁄₁₆¢ per lb. |
| Washed or ground | | ¼¢ per lb. |

They, therefore, contend that the provision for "Ochers, * * * ground" includes ochers, ground in oil; that the provision for "Umbers: * * * ground" includes both raw and burnt umbers, ground in oil; that the provision for "Siennas: * * * ground" includes both raw and burnt siennas, ground in oil; that the provision for "Synthetic iron-oxide and iron-hydroxide pigments" includes all pigments so composed; and that each of these provisions more specifically describes the merchandise than the provision for "Pigments * * * ground in * * * oil, * * * not specially provided for," under which it was classified by the collector.

The defendant's position is that a legislative intent contrary to the application of the foregoing rule is manifest by a reading together of the provisions of paragraphs 73 and 66. Thus, it is noted, paragraph 73 provides for duty at one rate, if ochers, umbers, and siennas are crude and not ground, and at a different rate, if washed and ground. It is contended that the mixing of ground pigments with oil is a further step beyond the grinding and that pigments ground in oil are not covered by paragraph 73.

Taking up first the claims for duty under the specific provisions for ochers, umbers, and siennas, we find that it is clearly established by the testimony of plaintiffs' witness that the term "ground in oil" does not mean that the grinding process takes place in the oil, but that it is an additional step after the grinding process and that pigments ground in oil are distinguished from pigments which have been merely ground.

A reading of the provisions for pigments in the paragraphs running from 65 through 77 of the Tariff Act of 1930 indicates that Congress in every case, with the exception of the pigments provided for in paragraphs 65 and 73, specifically provided for such pigments when "ground in * * * oil." The provision for pigments in paragraph 65 is distinguished from all other provisions for pigments in that the determinant of classification is the form in which the pigments are imported, e. g., in tubes, jars, cakes, pans, bulk, etc. The determinant of classification in the other provisions for pigments in the tariff act (except the provision for iron-oxide and iron-hydroxide pigments) is the stage of manufacture, e. g., crude, washed, dry, pulp, ground, etc.

The provisions in paragraph 73 for ochers, umbers, and siennas are the only provisions for pigments in the latter category wherein Congress used the term "ground," without including the words "in or mixed with oil or water" or similar language. The omission appears to us to be significant and indicates an intention to restrict the coverage of the provisions for ochers, umbers, and siennas to the specific stages mentioned, to wit, crude or not ground, and washed or ground. We, therefore, conclude that those provisions are not applicable to the merchandise at bar.

The provision for iron-oxide and iron-hydroxide pigments in paragraph 73, as originally enacted, quite obviously covered the synthetic as well as the natural pigments. By the President's proclamation, reported in T. D. 51802, *supra*, the rate applicable to the synthetic pigments was reduced, leaving the rate with respect to the natural variety unaffected. The provision does not contain words of limitation such as "crude, washed, ground," etc., and is, therefore, applicable to such pigments when not otherwise specifically provided for.

The evidence with respect to plaintiffs' exhibit 3, the merchandise described on the invoice as burnt sienna, shows it to be a pigment containing natural iron oxide. Whether this brings it within the term "iron-oxide pigment" is unnecessary to determine, inasmuch as the protest contains a claim only with respect to synthetic iron-oxide or iron-hydroxide pigments and makes no claim with respect to the natural variety.

The evidence also indicates that the merchandise represented by plaintiffs' exhibits 4 and 5, that described on the invoice as raw umber and burnt umber,

respectively, actually consists of mixed pigments, composed in part of natural or synthetic iron-oxide pigments. It, therefore, appears that in its imported form the merchandise represented by these two exhibits is not within the category of iron-oxide pigments. Plaintiffs' protest with respect to the merchandise represented by plaintiffs' exhibits 3, 4, and 5 will, therefore, be overruled.

The evidence establishes that plaintiffs' exhibits 1 and 6, described as raw sienna and French ochre, respectively, are synthetic iron-hydroxide pigments, and that exhibit 2, described as Venetian red, is a synthetic iron-oxide pigment. As such, they appear to be covered by the provision for synthetic iron-oxide and iron-hydroxide pigments, not specially provided for, in paragraph 73, as modified by T. D. 51802.

That provision is a class designation and is tantamount to an *eo nomine* designation of every pigment falling into the class, except, as hereinbefore noted, those which are otherwise specifically provided for. The competition, therefore, is between the said class designation and the more general description for "Pigments * * * ground in * * * oil." The latter provision, as held in *Comstock & Theakston* v. *United States*, 12 Ct. Cust. Appls. 502, T. D. 40698, is a catchall provision, and it excludes such pigments as are covered elsewhere.

Judgment will, therefore, issue sustaining the claim for duty at the rate of 15 percent ad valorem under paragraph 73, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, only as to the merchandise represented by plaintiffs' exhibits 1, 2, and 6, described on the invoice as raw sienna, Venetian red, and French ochre, respectively. In all other respects and as to all other merchandise, the protest is overruled.