UNITED STATES *v.* LANSEN-NAEVE CORP. (No. 4877) [1]

---
[1] C. A. D. 632.

*George Cochran Doub*, Assistant Attorney General, *Richard E. FitzGibbon*, Chief, Customs Section (*Richard H. Welsh*, trial attorney, of counsel), for the United States.

*Jordan & Klingaman* (*J. L. Klingaman* of counsel) for appellee.

[Oral argument October 4, 1956, by Mr. Welsh and Mr. Klingaman]

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, COLE, and RICH, Associate Judges

JOHNSON, Chief Judge, delivered the opinion of the court:

The merchandise involved in this case consists of ground and polished cylindrical steel rolls.

The question is whether such merchandise should be classified under paragraph 344 of the Tariff Act of 1930, *infra*, as cylindrical steel rolls dutiable at the rate of 40 per centum ad valorem, as invoked by the Collector of Customs, or should fall under paragraph 372 of the Tariff Act of 1930, *infra*, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, as parts of machine tools dutiable at 15 per centum ad valorem, as contended by appellee.

The provisions involved are here set forth:

Paragraph 344 of the basic Act—

Cylindrical steel rolls ground and polished, valued at 25 cents per pound or over, 25 per centum ad valorem; any of the foregoing containing more than one-tenth of 1 per centum of vanadium, or more than two-tenths of 1 per centum of tungsten, molybdenum, or chromium, 40 per centum ad valorem.

Paragraph 372 of the Tariff Act of 1930, as modified, *supra*—

Machine tools (except jig-boring machine tools)_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ 15% ad val.

\*          \*          \*          \*          \*          \*          \*

Parts, not specially provided for, wholly or in chief value of metal or porcelain, of articles provided for in any item 372 of this Part:

Textile pins_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ 20% ad val.

Other_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ The same rate of duty as the articles of which they are parts

The facts are not disputed. The parties litigant agree that the merchandise consists, in fact, of cylindrical steel rolls, ground and polished, valued at over 25 cents per pound, and containing more than two-tenths of 1 per centum of chromium and, furthermore, that the steel rolls are parts of a rolling mill and that a rolling mill is a machine tool.

Therefore, as stated by the lower court, the case resolves itself purely into a matter of law as to which of the two provisions, *supra*, more aptly describes the merchandise.

The lower court, invoking the principle that a use provision prevails over a descriptive or *eo nomine* provision, *United States* v. *Snow's United States Sample Express Co.*, 8 Ct. Cust. Appls. 351, T. D. 37611, and cases therein cited, subordinated paragraph 344, *supra*, to paragraph 372, holding the latter to be one for a specific use while the former is obviously descriptive.

Appellant asserts a three point argument: First, it is maintained that while a use provision generally prevails over an *eo nomine* or descriptive provision, such should not be the case when the words "not specially provided for" appear in the use provision and not in the *eo nomine* or descriptive provision. Second, an analysis of the legislative history of the two provisions clearly shows that Congress intended the merchandise at bar to be classified under paragraph 344, *supra*, and excluded from paragraph 372, *supra*. Third, it is alleged that paragraph 344 on its face, without resort to legislative history, manifests a clear congressional intent to provide for "cylindrical steel rolls, ground and polished, valued at 25 cents per pound or over" under paragraph 344 irrespective of their use.

With the principle of law invoked by the lower court, we are in complete accord. A well settled rule of specificity is that a use provision prevails over a descriptive or *eo nomine* provision, *United States* v. *Snow's United States Sample Express Co.*, *supra*, unless there is a clearly expressed congressional intent to the contrary. *United States* v. *Pfaltz & Bauer (Inc.)*, *et al.*, 16 Ct. Cust. Appls. 358, T. D. 43091; *United States* v. *John H. Faunce (Inc.) et al.*, 21 C. C. P. A. (Customs) 80, T. D. 46395.

This rule, however, cannot be applied to the instant situation. The narrow issue confronting this court is not whether a use provision should prevail over a descriptive provision, but whether a use provision *qualified by a not specially provided for clause* should prevail over a competing descriptive designation.

It has been repeatedly held by this court that, subject to clearly shown contrary legislative intent, a "not specially provided for" clause in a use provision excludes therefrom articles enumerated elsewhere by descriptive or *eo nomine* designation. *Germania Importing Co.* v. *United States*, 6 Ct. Cust. Appls. 467, T. D. 35988, in which thin, unsized paper was held more specifically classified as "tissue paper," under paragraph 323, tariff act of 1913, than as "wrapping paper not specially provided for," under paragraph 328; *Comstock & Theakston* v. *United States*, 12 Ct. Cust. Appls. 502, T. D. 40698, in which "Kronos titanium," a pigment used in compounding paints, was held classifiable under paragraph 91, Tariff Act of 1922, within the provision for "all compounds and mixtures containing titanium," rather than under paragraph 68, within the provision for "Pigments * * * not specially provided for"; *United States* v. *Siegle,*

1 Ct. Cust. Appls. 32, T. D. 31005, in which "lakes," a type of pigment, was assessed under paragraph 54 of the tariff act of 1897, providing for "* * * colors containing * * * lead" rather than under paragraph 58, providing for "All paints, colors, pigments, lakes, crayons, smalts and frosting * * * not otherwise specially provided for * * *"; *United States* v. *Parry*, 15 Ct. Cust. Appls. 180, T. D. 42233, in which soccer football shoes of leather were held duty free under paragraph 1607 of the Tariff Act of 1922, providing for "Boots and shoes made wholly or in chief value of leather" rather than dutiable under paragraph 1402, providing for "* * * all clubs, rackets, bats, or other equipment, such as is ordinarily used in conjunction therewith in exercise or play, all the foregoing, not specially provided for * * *"; *M. Pressner & Co.* v. *United States*, 42 C. C. P. A. (Customs) 48, C. A. D. 568, in which certain sewing kits were classified under paragraph 343, Tariff Act of 1930, as "needle cases furnished with assortments of needles or combinations of needles and other articles," rather than under paragraph 339 calling for "* * * household * * * utensils * * * not specially provided for." This principle is subject only to the qualification that the competing provision must be more than an unlimited general description of the merchandise. It must aptly and specifically name or describe the goods in question. *Drakenfeld & Co.* v. *United States*, 2 Ct. Cust. Appls. 512, T. D. 32248; *Drakenfeld & Co.* v. *United States*, 9 Ct. Cust. Appls. 124, T. D. 37979; *United States* v. *Snow's United States Sample Express Co.*, 6 Ct. Cust. Appls. 120, T. D. 35388. That is to say, the goods must actually be *specially* provided for.

In the light of the principles above, the analysis of this case is relatively simple and uninvolved. On the one hand we have a use provision qualified by a "not specially provided for" clause. On the other hand we have a descriptive provision. The descriptive provision prevails unless it describes the merchandise in such vague and general terms that it cannot be held to specially provide for such goods.

Re-examining the descriptive provision in question (paragraph 344, *supra*), it provides for "Cylindrical steel rolls ground and polished, valued at 25 cents per pound or over * * * any of the foregoing containing more than * * * two-tenths of 1 per centum of * * * chromium, 40 per centum ad valorem."

The merchandise before us consists, in fact, of cylindrical steel rolls, ground and polished, valued at over 25 cents per pound, and containing more than two-tenths of 1 per centum of chromium.

It would be difficult to frame a descriptive provision which more aptly and precisely describes the merchandise.

In view of the absolute specificity of the descriptive provision, we must conclude that the steel rolls in question are specially provided

for in paragraph 344 and should, therefore, be excluded from paragraph 372.

We are aware that the principles applied herein are but rules of construction used in ascertaining the legislative intent and cannot have controlling effect if sufficient evidence is found that the Congress intended a result different from that indicated by application of these rules.

With this in view, an examination of the rather sparse legislative history of the provisions in question has been made.

Such examination has revealed nothing which would warrant our receding from the conclusion that the rolls involved herein are properly dutiable under paragraph 344, *supra*, and excluded from paragraph 372, *supra*.

Of the cases relied upon by the Customs Court, none are determinative of the issue here involved. In *United States* v. *Snow's United States Sample Express Co.*, 8 Ct. Cust. Appls. 351, T. D. 37611, the use provision was not qualified by a "not specially provided for" clause. And in *Industrial Operations, Inc.* v. *United States*, 30 Cust. Ct. 82, C. D. 1500; *United States* v. *Lyon & Healy*, 4 Ct. Cust. Appls. 438, T. D. 33873; and *United States* v. *Herman H. Sticht & Co.*, 22 C. C. P. A. (Customs) 40, T. D. 47048, though the use provisions were qualified, the competing descriptive provisions were general rather than narrow and specific.

In *Alex. Benecke* v. *United States*, 30 C. C. P. A. (Customs) 55, C. A. D. 214, cited by the lower court, certain *ground* steel rolls used in rolling mills for cold-rolling steel were held to be properly classifiable as parts of machine tools under paragraph 372, *supra*, and not, as claimed, as parts of machines under another provision of the same paragraph.

Said case is distinguishable from the present case in that there the rolls were *ground* but not *polished* and, hence, clearly outside the purview of paragraph 344, *supra*, which was not even urged as a competing provision.

For the reasons hereinbefore stated, it is our opinion that the judgment of the United States Customs Court should be *reversed*.

O'CONNELL and COLE, J. J., were present at the argument of this case but, because of illness, did not participate in the decision.